[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13142
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-05084-ELR


JIMMIE LEE SUBER,

                                                    Plaintiff - Appellant,

versus

LOWES HOME CENTERS,

                                                    Defendant - Appellee,

RANDI GORDON, et al.,

                                                    Defendants.


_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(April 21, 2021)

Before JILL PRYOR, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Jimmie Suber, proceeding *pro se*, appeals the district court's grant of summary judgment in favor of his former employer, Lowe's, on his amended complaint alleging retaliation in violation of Title VII. After careful review, we affirm the district court's ruling.

## I

The facts as alleged by Suber—which we accept as true for purposes of our review—are known to the parties, so we will repeat them here only to the extent necessary to resolve the issues presented. Suber worked at a Lowe's Home Improvement in Georgia. On August 3, 2017, after shopping at that Lowe's as a customer, Suber began to exit the store. On his way out, Suber encountered another customer who threatened to kill both him and everyone in the store. On several occasions afterwards, Suber reported the incident to Lowe's—both in conversation and through emails. In one email sent to human resources manager Randi Gordon and store manager Scott Campbell, dated August 11, 2017, Suber critiqued the response of Lowe's to the August 3, 2017 incident. Suber alleges that Lowe's later terminated him in retaliation for "his opposition to Lowe's" and for emails that he wrote to the corporate office at Lowe's.

Suber's amended complaint alleges a claim for retaliation under Title VII. Lowe's moved for summary judgment, and the magistrate judge entered a report and recommendation that the motion be granted. Over Suber's objections, the

district court adopted the magistrate judge's recommendation, holding that: (1)

Suber's emails to Lowe's did not constitute protected activity; (2) Suber had not

presented sufficient evidence to demonstrate that the nonretaliatory reason that

Lowe's offered was pretext for retaliation; and (3) the magistrate judge

appropriately applied the burden-shifting framework of *McDonnell Douglas Corp.*

*v. Green*, 411 U.S. 792 (1973).  Suber now appeals.[1]

## II

A plaintiff establishes a prima facie case of retaliation under Title VII by

showing that: (1) he engaged in statutorily protected activity, (2) he suffered a

materially adverse action, and (3) a causal connection exists between the protected

activity and the adverse action.  *Chapter 7 Tr. v. Gate Gourmet, Inc.*, 683 F.3d

1249, 1258 (11th Cir. 2012).  If the plaintiff establishes a prima facie case, the

burden shifts to the employer to provide a legitimate, non-discriminatory reason

for its action.  *McDonnell Douglas*, 411 U.S. at 802.

Suber's appeal turns on the first element necessary to make out a prima facie

case of retaliation—whether he engaged in statutorily protected activity.

When Suber initially brought this lawsuit, he alleged multiple types of

statutorily protected activity: (1) previous EEOC complaints, (2) previous lawsuits

---

[1] We review a district court's grant of summary judgment *de novo*.  *Greenberg v. BellSouth Telecomm. Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007).

3

against Lowe's, and (3) August 2017 emails.  On appeal, however, Suber insists that he is relying on only one source of statutorily protected activity—the August 11, 2017 email that he sent to Gordon and Campbell.

In *Coutu v. Martin County Board of County Commissioners*, we held that an employee's internal grievance does "not constitute statutorily protected activity" because "[u]nfair treatment, absent discrimination based on race, sex, or national origin, is not an unlawful employment practice under Title VII."  47 F.3d 1068, 1074 (11th Cir. 1995).  Here, similarly, Suber's August 11, 2017 email makes only generic allegations concerning his unfair treatment as well as the shortcomings of Lowe's response to the August 3, 2017 incident.  At no point does the email allege discrimination on the basis of a protected characteristic, as Suber concedes.  Accordingly, Suber has not shown that he engaged in statutorily protected activity.[2]

\* \* \*

For the foregoing reasons, we hold that the district court didn't err in concluding that Suber failed to establish a prima facie case for discrimination.

**AFFIRMED.**

---

[2] For that reason, we don't address Suber's argument that a causal connection existed between the protected activity and the adverse action, or that the reason that Lowe's offered for his termination was pretextual.  *See McCann v. Tillman*, 526 F.3d 1370, 1375 n.6 (11th Cir. 2008).